# EXHIBIT A

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

PATRICK CHASSAGNEUX, )
321 I Street NW )
Washington, DC 20024 )
)
　　　　　Plaintiff, )
)
v. )
)
THE OCEANAIRE RESTAURANT )
COMPANY, INC., )
1510 West Loop South )  Civil Action No.: 14-0003456
Houston, TX 77027 )
)
　　　　　Defendant. )  JURY TRIAL DEMANDED
)
Serve Registered Agent: )
)
National Registered Agents, Inc. )
1015 15th Street NW )
Suite 1000 )
Washington, DC 20005 )
)



## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Patrick Chassagneux, by and through counsel, hereby files this civil complaint and demand for jury trial against Defendant The Oceanaire Restaurant Company, Inc. ("Oceanaire") for race and national origin discrimination in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et seq.* (DCHRA).

## JURISDICTION AND VENUE

1.　　This Court has personal jurisdiction over the Defendant because the Defendant transacts regular business and has regular and extensive contacts in the District of Columbia.



1

2. This Court has jurisdiction over the subject matter of this complaint pursuant to D.C. Code § 2-1402.11 because this is an action arising under the District of Columbia Human Rights Act.

3. Venue is proper in this Court because it is the judicial district where many of the unlawful employment practices occurred and the primary location of Plaintiff's employment.

## PARTIES

4. Chassagneux is a citizen of the United States and is domiciled in the District of Columbia and maintains an address in Washington, D.C. Chassagneux is an "employee" as defined in D.C. Code § 2-1401.02.

5. The Oceanaire Restaurant Company, Inc. is a Minnesota corporation with its headquarters in Houston, TX and business locations in many states, including its location doing business as The Oceanaire Seafood Room in the District of Columbia, which is located at 1201 F Street NW, Washington DC. The Oceanaire Restaurant Company, Inc. is an "employer" as defined in D.C. Code § 2-1401.02.

## FACTS

6. Chassagneux is a 55-year-old Caucasian male, and Oceanaire employed him as a waiter at The Oceanaire Seafood Room restaurant from in or about May 2010 to in or about February 2014. Chassagneux is a native of France.

7. Oceanaire management hired Plaintiff in May 2010, and in December 2012, Plaintiff attained a perfect score from a "Mystery Shopper." Plaintiff continued to receive other accolades for his work performance during his tenure with Oceanaire.

8. On or about June 13, 2013, Plaintiff received two warnings for customer complaints. The first was for a cocktail not made to a customer's liking, and the second was

2

based on an online www.yelp.com comment dated May 20, 2013, that referred to a server's "French attitude." The comment stated in part, "[O]ur server was a jerk. He had the French 'I'm only serving you because I have to' attitude."

9. Oceanaire disciplined Plaintiff even though the Yelp comment did not refer specifically to Plaintiff, nor did it specifically state that the server was French.

10. Plaintiff asked the general managers about the failure to include any of these particulars, and Oceanaire management responded that, "You are the only French person on the floor."

11. In light of management's biased attitude toward Plaintiff, management did not direct Plaintiff to work parties (for which the pay is generally higher).

12. On or about February 14, 2014 (Valentines' Day), Plaintiff was the closer in the back of the restaurant. It was a busy night, and a group comprised of four African-American couples arrived just after 11:00 PM. The members of the group were complaining as they entered, and the Oceanaire manager informed the group as they entered that they should order quickly.

13. Plaintiff welcomed and greeted the group members, taking their cocktail order. Plaintiff told the group that he would come back to take their orders for entrees shortly as the kitchen was closing. Thereafter Plaintiff overheard the members of the group say, "They decided to give us the white boy."

14. Accordingly Plaintiff asked the floor manager to remain close, as he was concerned by this racist comment and so reported same to Oceanaire management.

15. Plaintiff took the group's food order, and a short time later Plaintiff asked the guests about the food. One woman complained about her partner's appetizer of ribs, and

3

Plaintiff responded that he could get a soup or salad but that the kitchen was closed for the appetizers.

16. A short time later, the manager transferred the table to an African-American waiter, and the manager on duty told Plaintiff that the table had been upset with him.

17. Plaintiff worked the following Sunday, and then Plaintiff was called back in to work on or about February 18, 2014. When Plaintiff arrived, he looked at the floor plan and did not see his name listed.

18. Sean Sanders, Oceanaire's chef, called Plaintiff into the office and told Plaintiff that he was suspended pending investigation of a February 14, 2014 guest complaint.

19. On or about February 20, 2014, Plaintiff received a phone call from Donna Seal, Oceainaire's general manager, who terminated Plaintiff's employment purportedly based on the February 14, 2014 guest complaint.

20. Plaintiff returned to the restaurant to remove his personal effects, and while at the restaurant to collect his belongings Plaintiff reported to the chef that the complaining table had referred to him as "a white boy." The chef told Plaintiff that there was nothing he could do despite the racist comment.

21. Plaintiff received his termination papers after requesting them from the Oceanaire corporate offices. The stated reason for termination was "discourtesy to a guest." It added, "On Friday 2/14/2014 Patrick received a guest complaint. This has been a reoccurring problem with Patrick and will no longer be tolerated."

22. As the results of Oceanaire's illegal treatment of Plaintiff, Plaintiff has sustained substantial economic damages and severe mental anguish.

## COUNT I
### D.C. Human Rights Act
### D.C. Code § 2-1401, *et seq.*
### National Origin Discrimination

23. Plaintiff incorporates the allegations set forth in the foregoing paragraphs as though fully alleged herein.

24. At all times relevant to this Complaint, Plaintiff was an "employee" as defined in D.C. Code § 2-1401.02(9).

25. At all times relevant to this Complaint, Oceanaire was an "employer" as defined in D.C. Code § 2-1401.02(10).

26. Oceanaire unlawfully discriminated against Plaintiff when it terminated Plaintiff's employment on February 20, 2014.

27. Oceanaire unlawfully terminated Plaintiff's employment wholly or partially based on his national origin.

28. Plaintiff has sustained substantial monetary and non-monetary damages as a direct and proximate result of Oceanaire discrimination based on his national origin.

29. As the results of Oceanaire's illegal treatment of Plaintiff, Plaintiff has sustained substantial economic damages and severe mental anguish.

## COUNT II
### D.C. Human Rights Act
### D.C. Code § 2-1401, *et seq.*
### Racial Discrimination

30. Plaintiff incorporates the allegations set forth in the foregoing paragraphs as though fully alleged herein.

31. At all times relevant to this Complaint, Plaintiff was an "employee" as defined in D.C. Code § 2-1401.02(9).

32. At all times relevant to this Complaint, Oceanaire was an "employer" as defined in D.C. Code § 2-1401.02(10).

33. Oceanaire unlawfully discriminated against Plaintiff when it terminated Plaintiff's employment on February 20, 2014.

34. Oceanaire unlawfully terminated Plaintiff's employment wholly or partially based on his race and national origin.

35. Plaintiff has sustained substantial monetary and non-monetary damages as a direct and proximate result of Oceanaire discrimination based on his national origin.

36. As the results of Oceanaire's illegal treatment of Plaintiff, Plaintiff has sustained substantial economic damages and severe mental anguish.

## PRAYER FOR RELIEF

Based on the foregoing claims, Plaintiff respectfully requests that judgment be entered against the Defendant and that he be awarded the following relief:

a. Reinstatement with the same seniority status, duties, and working conditions applicable at the time of his termination, and abatement of the conduct directed toward him, or alternatively, front pay;

b. Economic damages for lost wages and benefits;

c. Pre-judgment interest;

d. Compensatory (non-economic) damages, including damages for mental and emotional distress and harm to reputation;

e. Punitive damages as may be determined at trial;

f. Costs and reasonable attorneys' fees; and

g. Any other just and equitable relief this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all claims on which he has the right to a jury trial.

Respectfully submitted,

R. Scott Oswald
DC Bar #: 458859
Nicholas W. Woodfield
DC Bar #: 471801
The Employment Law Group, P.C.
888 17th Street, NW, 9th Floor
Washington, DC  20006
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com
*Counsel for the Plaintiff*